UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY RAY JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-01054-SEB-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Petition for Lack of Subject Matter Jurisdiction**

Petitioner Jeremy Ray Jackson is an inmate currently housed at the United States Penitentiary, in Terre Haute, Indiana. Jackson now challenges his sentence under 28 U.S.C. § 2241. Dkt. 1. But "[t]o collaterally attack a conviction or sentence, a federal prisoner files a motion to vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Hogsett v. Lillard*, 72 F.4th 819, 820 (7th Cir. 2023) (citing *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022)). Thus, for the reasons explained below, Jackson's § 2241 petition is dismissed for lack of jurisdiction.

**I. Background**

Jackson is serving a life sentence imposed as a result of his conviction for conspiracy to distribute methamphetamine and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). His sentence was enhanced because death resulted from the use of methamphetamine distributed by Jackson and a co-defendant and because Jackson had a prior felony drug offense, a 2002 Indiana conviction for dealing in cocaine. *See United States v. Maggard*, 865 F.3d 960, 965 (7th Cir. 2017); *United States v. Jackson,* No. 1:14-cr-00096-SEB-TAB-19. Jackson's conviction and sentence were affirmed on appeal. *Maggard*, 865 F.3d at 977.

Jackson filed a motion pursuant to 28 U.S.C. § 2255 challenging his convictions which was also denied. *Jackson v. United States*, No. 20-2430 (7th Cir. 2020).

Jackson now argues that delivery of cocaine no longer qualifies as a felony drug offense to enhance his sentence. *Id*. In support of his argument, Jackson cites to *Harris v. United States*, 13 F.4th 623 (7th Cir. 2021); *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2021); and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). *Id.* at 3. In response, the United States argues that Jackson's petition for a writ of habeas corpus should be dismissed because his claim does not fit within the "saving clause" of § 2255(e). Jackson did not file a reply.

## II. Discussion

"Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Although Jackson attempts to proceed under § 2241, the provisions of 28 U.S.C. § 2255 also apply to his case. Section 2255 provides in relevant part:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*\*\*

> (e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

\*\*\*

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, who would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Subsection (e) is commonly referred to as the "saving clause."

After Jackson's petition was filed, the Supreme Court held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 599 U.S. at 471.

Thus, Jackson's challenge to his sentence under *Harris, De La Torre,* and *Ruth* had to be brought in a timely original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, if at all. *Jones*, 599 U.S. at 492 ("As far as history and the Constitution are concerned, 'there is nothing incongruous about a system in which this kind of error—the application of a since-rejected statutory interpretation—cannot be remedied after final judgment.'" (quoting *George* v. *McDonough*, 142 S.Ct. 1953, 1962 (2022)).

For these reasons, this Court lacks jurisdiction to hear Jackson's claim. This action is dismissed for lack of subject matter jurisdiction. *Hogsett*, 72 F.4th at 822 (vacating the district court's judgment and remanding with instructions to dismiss for lack of subject-matter jurisdiction.). Final judgment shall issue by separate entry.

IT IS SO ORDERED.

Date: _____12/13/2023_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JEREMY RAY JACKSON
12372-028
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel